# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA MANN, | CIVIL ACTION |
| Plaintiff | |
| | NO: |
| v. | |
| FRINGEARTS, | |
| Defendant | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1. This is an action by Plaintiff, Melissa Mann, against Defendant, FringeArts, to recover wages arising out of Defendant's failure to compensate Plaintiff for services rendered during the course of her employment, and to recover over-time pay which Defendant also failed to pay to Plaintiff.

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.* and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1, *et seq.*

### II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and the claims are substantively based on the FLSA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the WPCL.

5. Venue is proper in this District under 28 U.S.C. §1391, in that Plaintiff performed services for Defendant within the Eastern District of Pennsylvania, and Defendant regularly transact business therein.

## III. PARTIES

6. Plaintiff, Melissa Mann, is an individual and citizen of the Commonwealth of Pennsylvania, with a mailing address of 1627 N. 19th Street, Philadelphia, Pennsylvania.

7. Defendant, FringeArts, is a non-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 140 North Columbus Boulevard, Philadelphia, Pennsylvania.

8. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who was authorized and acting within the scope of their authority, course of their employment and under the direct control of Defendant.

9. At all times material herein, Defendant has been a "person" and "employer" as defined under the FLSA and WPCL and are subject to the provisions of each said Act.

## IV STATEMENT OF CLAIMS

10. Plaintiff commenced her employment with Defendant in 2010 as a Freelance Stage Technician, and was hired on a full-time basis in or about January, 2015, as the Head of Lighting. Plaintiff resigned her position of employment on November 28, 2016, due to the unlawful employment practices complained of herein.

11. During the course of her employment, Plaintiff performed her job functions in a dutiful and competent manner.

12. During the period of Plaintiff's employment as a Freelance Stage Hand, she regularly received over-time compensation for the work she performed for Defendant in excess of forty (40) hours per week.

13. Although she was assigned to the position of Head of Lighting and placed in a full-time status in the beginning of 2015, Plaintiff's job duties did not change.

14. Although Defendant previously compensated Plaintiff for her services at her appropriate over-time rate, they failed to do so in both 2015 and 2016 when she assumed her new position.

15. Notwithstanding Defendant's failure to compensate Plaintiff for services rendered, she continued to perform her assigned job functions on a daily basis.

16. Plaintiff estimates that in 2015, she worked approximately 355 over-time hours for Defendant. At all times relevant to her employment, Plaintiff was considered to be non-exempt, and therefore was entitled to receive over-time compensation for hours worked in excess of forty (40) per week. Plaintiff's hourly rate was $16.83 and her overtime rate was $25.25. Accordingly, Plaintiff is due and owing approximately $8,963.75 for services rendered in 2015.

17. Plaintiff estimates that in 2016, she worked approximately 101 over-time hours at a rate of $25.25 and is due and owing $2,550.25 for those over-time hours worked.

18. Accordingly, Plaintiff is owed a total of $11,514.00 for over-time hours she worked in 2015 and 2016.

19. Plaintiff made repeated requests of Defendant to compensate her properly in accordance with Federal and State Law, however Defendant repeatedly failed to do so.

20. In failing to pay Plaintiff her regular compensation and over-time premium compensation for hours worked over 40 in a work week, Defendant acted willfully and with reckless disregard of clearly applicable FLSA and WPCL provisions.

### COUNT I – FLSA
### (Plaintiff v. Defendant)

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as if fully set forth at length herein.

22. Defendant is considered to be an "employer" covered by the FLSA.

23. The FLSA entitles employees to compensation for every hour worked in a work week. 29 U.S.C. § 207(a)(1).

24. The FLSA entitles employees to over-time compensation "not less than one and one-half times" the regular pay rate for all hours worked over 40 in a work week. *See* 29 U.S.C. § 207(a)(1).

25. Defendant violated the FLSA by failing to pay Plaintiff over-time premium compensation for hours worked over 40 in a work week and to compensate him for the hours work.

26. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### COUNT III – WPCL
### (Plaintiff v. Defendant)

27. Plaintiff incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth at length herein.

28. The actions of the Defendant, through its agents, servants and

employees, in failing to compensate Plaintiff for services performed, constituted a violation of the WPCL.

29. Defendant's acts as aforesaid were willful and wanton and in reckless disregard of Plaintiff's rights.

## **PRAYER FOR RELIEF**

30. Plaintiff repeats the allegations of paragraph 1 through 29 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages because of their unlawful conduct;

(b) Defendant pay to Plaintiff liquidated damages as is allowable under the Law;

(c) The Court award such other relief as is deemed just and proper.

(d) The Court find the individually-named Defendant liable for their actions an award damages for their failure to pay Plaintiff her compensation and over-time pay.

## JURY DEMAND

Plaintiff demands trial by jury.

THE LOVITZ LAW FIRM, P.C.

By:_____
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1700 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff,
Melissa Mann